## PENOBSCOT BOOM CORPORATION *vs.* CUSHING BAKER.

In an action for boomage of logs, on an account annexed to the writ, if an amendment be allowed at the Court of Common Pleas, permitting the filing of a count for money had and received, it will be presumed to be for the same cause of action, unless the exceptions show to the contrary.

Where a statute gives a corporation a certain sum per thousand feet on all logs "boomed, rafted and secured," and gives a lien on the logs therefor, an action can be maintained for the boomage against any one making an express promise to pay for the same before the logs are delivered, or by whose order the logs were delivered to and received from the boom.

When the logs are rafted and well secured the right to receive boomage accrues, and is not taken away, if some of them be lost without any neglect or carelessness of the corporation.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Penobscot Boom Corporation *v.* Baker.

The same questions were raised in this case, as in the preceding action. In this case, which was assumpsit on an account annexed for boomage of logs, in addition to the facts in that case, the plaintiff moved for leave to file a count for money had and received. This was opposed by the defendant, but permitted by the Court. The second objection made by the defendant, the facts in relation to it, and the instructions given, appear in the opinion of the Court. The same remark will apply to the third objection. The verdict was for the corporation, and the defendant excepted.

*Rogers* and *J. Appleton,* for defendant.

*A. G. Jewett,* for plaintiff.

The opinion of the Court was by

SHEPLEY J. — The most important questions presented in this bill of exceptions, have been decided in the case between the same corporation and *Lamson, ante p.* 224. The others are, first, the amendment, by permitting a count for money had and received to be filed. The eighth rule of that court allows amendments for the same cause of action in the discretion of the Court, and it having been allowed and nothing appearing to the contrary, it is presumed to be for the same cause of action.

The second objection taken is, that the defendant was not liable to pay the toll, he being mortgagee of the logs and not in possession. The whole evidence tending to prove his title and the character of it, and tending to prove an express promise to pay was submitted to the jury with instructions, " that if they found the logs to have been the property of the defendant, and that they had been delivered to, and received from the boom by him or his order without first paying toll or boomage, he would be liable for the same in this action; that if they found, that the defendant promised to pay boomage and the logs had been delivered in pursuance of the promise, the defendant would be liable." Whether the first clause of these instructions might not be liable to just complaint, coming from the other party need not now be considered; but the defendant surely has no right to complain of them. Under such instructions, it was not material, when the toll accrued, for the plaintiff could not recover without proving an express promise, or that the logs

were both delivered to and received from the boom by the defendant's order.

A third objection is, that the defendant was not liable for the toll upon the logs which were lost. The only testimony to prove a loss is that of a witness, who states, that the defendant "was shewn one raft, that within a week or fortnight after, his brother called on him and said he could not find the logs, that they were taken away by some one, and he could not find them, and that it would be hard for him to pay the boomage." Upon the logs being rafted they are to be secured below the boom, and the corporation is liable for losses happening by its neglect or carelessness. But when rafted and well secured, the logs may be taken away, or lost without such fault, and in such case the owner is equally liable for the toll, as for that on other logs. There is no evidence that the logs were lost through any neglect or carelessness of the corporation, and the judge was therefore correct in declining to comply with the eighth request.

*Exceptions overruled.*